# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIRK M. RANDLER,                    :
    Plaintiff                         :
                                          :          No. 1:22-cv-01793
    v.                                    :
                                          :          (Judge Rambo)
GARRY HAIDLE,                        :
    Defendant                         :

## MEMORANDUM

Pro se Plaintiff Kirk M. Randler ("Plaintiff"), who is a convicted and
sentenced state prisoner in the custody of the Pennsylvania Department of
Corrections, is currently on a writ from State Correctional Institution Rockview in
Bellefonte, Pennsylvania ("SCI Rockview") and incarcerated at Monroe County
Correctional Facility ("MCCF") in Stroudsburg, Pennsylvania.  (Doc. No. 1 at 2.)
He has commenced the above-captioned action by filing a complaint pursuant to the
provisions of 42 U.S.C. § 1983 ("Section 1983"), asserting violations of his
constitutional rights while incarcerated at MCCF.  (Id. at 1-2, 4, 6-7.)  In accordance
with the Prison Litigation Reform Act,[1] the Court has conducted an initial review of
Plaintiff's complaint.  For the reasons set forth below, the Court will dismiss

---

[1]  See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat.
1321 (Apr. 26, 1996).

Plaintiff's complaint for failure to state a claim upon which relief can be granted. However, the Court will grant Plaintiff leave to file an amended complaint.

## I.      BACKGROUND

On November 10, 2022, while Plaintiff was on a writ from SCI Rockview and incarcerated at MCCF, he filed his complaint against the Superintendent of MCCF Garry Haidle ("Defendant").  (Doc. No. 1.)  In addition to his complaint, Plaintiff also filed a certified motion for leave to proceed in forma pauperis and his prisoner trust fund account statement. (Doc. Nos. 2, 3.) The Court, having reviewed Plaintiff's motion and trust fund account statement, will grant Plaintiff leave to proceed in forma pauperis and will deem his complaint filed.

In his complaint, Plaintiff asserts a wide variety of allegedly unconstitutional conditions of confinement at MCCF.  (Doc. No. 1.)  Most of Plaintiff's assertions are general in nature and appear to represent the interests of fellow inmates at MCCF. (Id. at 6-7.)  More specifically, Plaintiff generally asserts that: inmates are being placed in overcrowded cells and that some are sleeping on steel cots in a dayroom area of "D Unit" in the facility; inmates do not have heat during the winter in "Unit E" in the facility; inmates are wearing dirty clothes, or are washing their clothes by hand in the shower, because there are not enough clean clothes in the facility; inmates in "Unit B" in the facility are, at times, not receiving recreational or shower times; inmates are being offered "pour [sic]" meals and the portions are small;

2

inmates are being assaulted by correctional officers; an inmate was placed in a cell with another inmate with whom the inmate had a prior conflict; the inmates' toilets are getting "clogged" and are not being fixed; inmates are in need of mental health treatment; correctional officers are taking property belonging to the inmates, which "goes missing[;]" correctional officers are bringing drugs into the facility, which is causing inmates to test positive for THC and suboxone in their urine samples; and the commissary prices at the facility are "way to [sic] high." (Id. at 6-7.)

In addition to these general allegations, Plaintiff also asserts several instances in which his, specific conditions of confinement allegedly violated his constitutional rights.  More specifically, Plaintiff alleges that, when he first arrived at the facility on July 20, 2022, he was placed in the RHU and remained there for seven (7) days. (Id. at 6.)  Plaintiff alleges that there was "no reason" for him to be placed in the RHU and that there was black mold in his cell.  (Id.)  Plaintiff further alleges that, when he was moved from the RHU to "Unit B[,]" he was placed in another cell that had black mold.  (Id.)  Plaintiff alleges that when he complained about this, he was "passed for rec. time."  (Id.)

Plaintiff also appears to allege that, in August of 2022, he was in a cell with three (3) other inmates.  (Id.)  He alleges that, on August 24, 2022, he received a misconduct for not allowing a correctional officer to place a fourth inmate in his cell. (Id.)  Plaintiff has attached documentation concerning this alleged misconduct to his

complaint.  (Doc. No. 1-1.)  That documentation reflects that Plaintiff was found "Not Guilty" and that no sanctions were imposed against him.  (Id.)[2]

In addition, Plaintiff alleges that, on September 5, 2022, and September 12, 2022, he was refused milk by Officer Whitehead and that, as a result, Plaintiff had dry cereal. (Id.)  Plaintiff further alleges that, on Saturday, October 1, 2022, his cell toilet was clogged.  (Id.)  Plaintiff alleges that maintenance came to his cell on Monday, October 3rd and that the water in his cell was turned off.  (Id.)

In connection with all of these allegations, Plaintiff appears to assert a violation of his rights under the Eighth Amendment to the United States Constitution.  (Id. at 4 (claiming "[i]n-humane [sic] conditions").)  As for relief, Plaintiff requests that an investigation be conducted at MCCF without first notifying the facility in order to see, and correct, these allegedly unconstitutional conditions of confinement. (Id.)  In addition, Plaintiff requests compensation for being housed in the RHU and for spending ninety (90) days in cells with mold.  (Id.)  Plaintiff also requests that the Court have a doctor check the inmates for such moldy conditions at MCCF.  (Id.)  Finally, Plaintiff requests that the "dangerous staff" at MCCF be "[r]emove[d]" and that he be reimbursed for the filing fees in this matter.  (Id.)

---

[2]  Plaintiff has not expanded on the factual allegations concerning this alleged misconduct, and the precise contours of this claim are unclear to the Court.  Because Plaintiff will be afforded the opportunity to file an amended complaint, he shall, if he so desires, expand on the legal and factual basis of this claim in his amended complaint.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint.  See id.  In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint."   See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of <u>pro se</u> prisoner litigation, a district court must be mindful that a document filed <u>pro se</u> "is to be liberally construed." <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  A <u>pro se</u> complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III.   DISCUSSION

### A.   Section 1983

Plaintiff has filed his complaint pursuant to the provisions of Section 1983, asserting violations of his rights under the Eighth Amendment.  (Doc. No. 1.) Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

<u>Id.</u>  Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." <u>See</u> <u>Shuman v. Penn Manor School Dist.</u>, 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a

remedy for the violation of a federal constitutional or statutory right." <u>See</u> <u>id.</u> (citation omitted).

### 1. Conditions of Confinement

In the complaint, Plaintiff asserts Eighth Amendment claims based upon the allegedly unconstitutional conditions of his confinement at MCCF.  (Doc. No. 1.) "The Eighth Amendment, made applicable to the States through the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments.'" <u>Glossip</u> <u>v. Gross</u>, 576 U.S. 863, 876 (2015).  As explained by the United States Supreme Court, the Constitution "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities, are sufficiently grave to form the basis of an Eighth Amendment violation." <u>See</u> <u>Wilson</u> <u>v. Seiter</u>, 501 U.S. 294, 298 (1991) (internal citations and quotation marks omitted).

Thus, in order "[t]o determine whether prison officials have violated the Eighth Amendment, [courts] apply a two-prong test[.]" <u>See</u> <u>Porter v. Pennsylvania</u> <u>Dep't of Corr.</u>, 974 F.3d 431, 441 (3d Cir. 2020) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)).   Under the first prong, courts consider whether the deprivation was "'objectively, sufficiently serious[,]" that is, whether "a prison official's act or omission [resulted] in the denial of the minimal civilized measure of life's necessities[.]'" <u>See</u> <u>id.</u> (quoting <u>Farmer</u>, 511 U.S. at 834).  Under the second

prong, courts must consider whether the prison official was "'deliberate[ly] indifferen[t] to inmate health or safety.'"  See id. (quoting Farmer, 511 U.S. at 834).

Regarding the first prong, life's necessities include food, clothing, shelter, medical care, and reasonable safety.  See Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 418 (3d Cir. 2000) (stating that "when the government takes a person into custody against his or her will, it assumes responsibility for satisfying basic human needs such as food, clothing, shelter, medical care, and reasonable safety" (citing DeShaney v. Winnebago Co. Dep't of Social Svcs., 489 U.S. 189, 199-200 (1989))); Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010) (explaining that the Eighth Amendment imposes a duty upon prison officials "to ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to ensure that prison officials] take reasonable measures to guarantee the safety of the inmates" (citations and internal quotation marks omitted)).

Regarding the second prong, a prison official does not act with deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety"—that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  See Farmer, 511 U.S. at 837.  "The knowledge element of deliberate indifference is subjective, . . . meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should

8

have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 837-38)).

Here, the Court finds that Plaintiff has not plausibly alleged a deprivation of the Eighth Amendment based upon the conditions of his confinement at MCCF. Even if Plaintiff's allegations are true—that he was placed in the RHU for seven (7) days, that after he was removed from the RHU, his cell toilet was clogged and the water in his cell had to be turned off, that there was black mold in his cells, and that he was denied milk for his cereal—the Court still finds that, under the first prong of an Eighth Amendment analysis, these deprivations—as currently alleged in the complaint—are not "'objectively, sufficiently serious[.]" See Porter, 974 F.3d at 441 (quoting Farmer, 511 U.S. at 834). Indeed, there is no indication from the allegations in Plaintiff's complaint that these asserted deprivations resulted in "the denial of the minimal civilized measure of life's necessities[.]'" See id.

Additionally, even if the Court accepted these asserted deprivations as being "'objectively, sufficiently serious,'" see Porter, 974 F.3d at 441 (quoting Farmer, 511 U.S. at 834), the Court would still find that Plaintiff's complaint does not sufficiently allege that Defendant acted with deliberate indifference to such deprivations—i.e., that Defendant was both aware of an excessive risk of harm to Plaintiff, which accompanied these alleged conditions at MCCF, and that Defendant disregarded that risk. See Farmer, 511 U.S. at 837 (holding that a "prison official

cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). Indeed, there are no allegations in the complaint, which can be construed as shedding light on Defendant's subjective state of mind. See Beers-Capitol, 256 F.3d a 133 (stating that "[t]he knowledge element of deliberate indifference is subjective, . . . meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware" (citing Farmer, 511 U.S. at 837-38)).

Accordingly, for all of these reasons, the Court concludes that Plaintiff's complaint fails to state an Eighth Amendment conditions of confinement claim upon which relief can be granted against Defendant. As such, Plaintiff's Eighth Amendment claims will be dismissed from the complaint.[3]

---

[3]    The Court does not treat Plaintiff's complaint as asserting a Fourteenth Amendment due process claim based upon his seven (7)-day placement in the RHU at MCCF. (Doc. No. 1 at 4.) However, even if the Court treated his complaint as asserting such a claim, the Court would still find that the complaint fails to state a claim upon which relief can be granted. See Sandin v. Conner, 515 U.S. 472, 486 (1995) (holding that a prisoner's thirty (30) day placement "in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" (footnote omitted)); Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (concluding that a prisoner's seven (7) month placement in disciplinary confinement "does not, on its own, violate a protected liberty interest as defined in Sandin"). Plaintiff's complaint asserts no

###### 2.      Allegations Concerning Fellow Inmates

As set forth above, Plaintiff's complaint also asserts general allegations that appear to represent the interests of his fellow inmates at MCCF.  (Doc. No. 1 at 6-7.)  However, there is no request for class certification of the complaint before the Court and, more importantly, "[p]ro se litigants are generally not appropriate as class representatives."  See Hagan v. Rogers, 570 F.3d 146, 158-59 (3d Cir. 2009 (citation omitted); Lewis v. City of Trenton Police Dep't, 175 F. App'x 552, 554 (3d Cir. 2006) (concluding that the plaintiff-prisoner, who was proceeding pro se, "may not represent a putative class of prisoners" (citations omitted)); Alexander v. New Jersey State Parole Bd., 160 F. App'x 249, 250 n.1 (3d Cir. 2005) (noting that "a prisoner proceeding pro se may not seek relief on behalf of his fellow inmates").  Thus, even though Plaintiff may represent himself as a pro se litigant in this action, he may not pursue claims on behalf of others, including a class of inmates at MCCF. Consequently, to the extent that Plaintiff seeks to assert such class claims, these claims will be dismissed from this action.

###### B.      Leave to Amend

The only remaining issue is, therefore, whether Plaintiff should be granted leave to amend his amended complaint.  Due to the applicable liberal pleading

---

allegations that his seven (7)-day placement in the RHU was atypical or constituted a significant deprivation.

standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id.  The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted."  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court finds that granting Plaintiff leave to amend his allegations concerning fellow inmates at MCCF would be futile as Plaintiff, who has requested in forma pauperis status and who is currently proceeding pro se, is not permitted to seek relief on behalf of such inmates.  However, the Court will grant Plaintiff leave to file an amended complaint in order to attempt to cure the

deficiencies identified above concerning his Eighth Amendment conditions of confinement claims at MCCF.[4]

Plaintiff is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed.  The amended complaint shall set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Finally, Plaintiff is cautioned that neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## IV.   CONCLUSION

To conclude, the Court will grant Plaintiff in forma pauperis status and will dismiss Plaintiff's complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, the Court will grant Plaintiff leave to file an amended complaint.   An appropriate Order follows.

Dated: January 4, 2023                           s/ Sylvia H. Rambo
                                                 SYLVIA H. RAMBO
                                                 United States District Judge

---

[4]  Absent additional details and context related to the conditions of his confinement at MCCF, it is difficult for the Court to discern whether Plaintiff could adequately plead a plausible Eighth Amendment conditions of confinement claim in an amended pleading and, thus, the Court will liberally afford Plaintiff leave to file an amended complaint .