IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIRK M. RANDLER,** | : | |
| Plaintiff | : | |
| | : | No. 1:22-cv-01793 |
| v. | : | |
| | : | (Judge Rambo) |
| **GARRY HAIDLE,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, on this 4th day of January 2023, upon consideration of Plaintiff's complaint (Doc. No. 1), motion for leave to proceed in forma pauperis and prisoner trust fund account statement (Doc. Nos. 2, 3), and in accordance with the accompanying Memorandum, **IT IS ORDERED THAT**:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is **GRANTED**, and his complaint (Doc. No. 1) is **DEEMED** filed;

2. Plaintiff shall pay the full filing fee of $350.00 based on the financial information provided in the application to proceed in forma pauperis. The full filing fee shall be paid regardless of the outcome of the litigation;

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent/Warden or other appropriate official at Plaintiff's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

    a. The average monthly deposits in the inmate's prison account for the past six months, or

    b. The average monthly balance in the inmate's prison account for the past six months.

> The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in Plaintiff's inmate trust fund account exceeds $10.00, the Superintendent/Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Plaintiff's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number;

4. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent/Warden of the institution where Plaintiff is presently confined;

5. Plaintiff's complaint (Doc. No. 1) is **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

6. Any claims concerning Plaintiff's fellow inmates at Monroe County Correctional Facility are **DISMISSED WITH PREJUDICE**;

7. Plaintiff is **GRANTED** leave to file an amended complaint as to his Eighth Amendment conditions of confinement claims;[1]

8. Plaintiff shall file his amended complaint within **thirty (30) days** of the date of this Order;

9. The Clerk of Court is directed to mail Plaintiff a civil rights complaint form. Plaintiff shall title that complaint form "Amended Complaint" and shall include the docket number for this case, 1:22-cv-01793; and

10. In the event that Plaintiff fails to file an amended complaint within the thirty (30) days, this action may be subject to dismissal for failure to

---

[1] As set forth in the Court's accompanying Memorandum, Plaintiff's complaint did not expand on the factual allegations concerning the alleged misconduct he received at Monroe County Correctional Facility, and the precise contours of this purported claim are not clear to the Court. Plaintiff shall, if he so desires, expand on the legal and factual basis of this claim in his amended complaint.

prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

                <u>s/ Sylvia H. Rambo</u>
                SYLVIA H. RAMBO
                United States District Judge